NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAWANA C. PETERSON,<br><br>*Plaintiff,*<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | Civil Action No. 19-19689<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Tawana C. Peterson's ("Plaintiff") request for review of Administrative Law Judge Theresa Merrill's (the "ALJ" or "Judge Merrill") decision regarding Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits, pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g). See ECF No. 1. For the reasons set forth in this Opinion, the Commissioner of Social Security's (the "Commissioner") decision is **VACATED** and **REMANDED** for further proceedings.

**I.    STANDARD OF REVIEW AND APPLICABLE LAW**

**A.    Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). The Commissioner's application of legal precepts is subject to plenary review, but her factual findings must be affirmed if they are supported by substantial evidence. Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also McCrea v. Comm'r of Soc.

1

Sec., 370 F.3d 357, 360 (3d Cir. 2004) (explaining that substantial evidence is "more than a mere scintilla" but less than a preponderance). The Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the [Plaintiff] and corroborated by family and neighbors; and (4) the [Plaintiff's] educational background, work history, and present age." Holley v. Colvin, 975 F. Supp. 2d 467, 475 (D.N.J. 2013), aff'd 590 F. App'x 167 (3d Cir. 2014).

B.   **The Five-Step Disability Test**

Under the Social Security Act ("the Act"), disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). To determine whether a claimant is disabled under the Act, the Commissioner applies a five-step test. 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner must determine whether the claimant is currently engaging in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "Substantial gainful activity" is work activity involving physical or mental activities that are "usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. §§ 404.1572, 416.972. If the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004).

Alternatively, if the Commissioner determines that the claimant is not engaged in substantial gainful activity, then the analysis proceeds to the second step: whether the claimed

2

impairment or combination of impairments is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The regulations provide that a severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 404.1520(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. See 20 C.F.R. §§ 404.1520(c), 416.920(c).

At the third step, the Commissioner must determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, a disability is conclusively established, and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, the analysis proceeds.

Prior to the fourth step, the Commissioner must determine the claimant's "residual functional capacity" ("RFC") to perform work activities despite the limitations from the claimant's impairments. 20 C.F.R. §§ 416.920(e), 416.945. In considering a claimant's RFC, the Commissioner must consider "all the relevant medical and other evidence" in the claimant's record. 20 C.F.R. § 416.920(e). Then, at step four, the Commissioner must decide if the claimant has the RFC to perform her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(f). If so, then the claim for benefits must be denied. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.960(b)(3).

Finally, at the fifth step, if the claimant is unable to engage in past relevant work, the Commissioner must ask whether "work exists in significant numbers in the national economy that [the claimant] can do given [her] residual functional capacity and vocational factors." 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(a)(4)(v). The claimant bears the burden of establishing steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The burden of proof shifts to the Commissioner at step five. Id.

## II. BACKGROUND

### A. Procedural History

Plaintiff filed an application for DIB and SSI at age 38 on October 18, 2012, asserting she became disabled on February 23, 2012 due to orthopedic conditions, neurological conditions, and obesity. Administrative Transcript ("Tr.") 190-200, ECF No. 6; Compl. ¶ 5, ECF No. 1. Following a hearing, Judge Merrill issued a decision denying Plaintiff's application on April 2, 2015. Tr. 13-26. Plaintiff sought review from the Appeals Council, and on August 5, 2016, the Appeals Council determined there were no grounds for review. Tr. 1-5.

On appeal to the District Court, the Honorable Esther Salas, U.S.D.J., issued a bench decision and order on March 27, 2018 vacating the Commissioner's decision and remanding for further proceedings. Tr. 432-41. Specifically, Judge Salas determined that Judge Merrill erred by failing to conduct a proper combination analysis that accounted for Plaintiff's obesity at Step Three. Tr. 434-40. As a result, Judge Salas remanded the matter directing the ALJ to "complete the step-three analysis." Tr. 440.

A second hearing was held before Judge Merrill on April 30, 2019. Tr. 362. On July 11, 2019, the ALJ again found that Plaintiff was not disabled under the Act. Tr. 359-74. Plaintiff filed the instant appeal on November 1, 2019. ECF No. 1.

### B. The ALJ Decision

Judge Merrill determined that Plaintiff was not disabled at step five of the five-step disability analysis. At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 364. At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: "bilateral knees, back, multiple joint disorder, neck, right wrist osteoarthritis, neuralgia, myalgia and obesity in combination." Tr. 365. At step

4

three, the ALJ found that none of Plaintiff's impairments, individually or collectively, met or medically equaled the criteria of a listed impairment. Tr. 365-66.

Before moving on to step four, the ALJ found Plaintiff's residual functional capacity ("RFC") to be as follows:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is: able to occasionally climb ramps and stairs, never climb ladders ropes scaffolds, able to occasionally balance, stoop; never kneel, crouch or crawl; able to occasionally operate foot controls with bilateral lower extremities; able to push pull occasionally with bilateral lower extremities; able to occasionally reach overhead with bilateral upper extremities; able to frequently reach in all other directions with bilateral upper extremities; able to frequently perform handling fingering feeling with bilateral upper extremities; able to occasionally push pull with bilateral upper extremities; must avoid concentrated exposure to extreme cold and wetness; due to need to alternate positions and/or need for unscheduled breaks, would be off task five percent of the day; due to impairments would be absent once per month.

Tr. 366-67. In reaching this RFC determination, the ALJ evaluated the relevant medical evidence and considered the Plaintiff's subjective testimony of her pain and symptoms. See Tr. 367-72.[1]

At step four, the ALJ found that Plaintiff is unable to perform relevant past work. Tr. 373. At step five, based on the testimony of a Vocational Expert ("VE"), the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as callout operator, election clerk, and document preparer. Tr. 373-74. The ALJ thus concluded that Plaintiff was not disabled within the meaning of the Act. Tr. 374.

---

[1] The Commissioner has summarized the medical evidence in its brief. See Def. Opp. Br. at 1-5. The Court will address the medical evidence only where necessary to the adjudication of Plaintiff's claim in Section III, infra.

**III.    ANALYSIS**

Plaintiff challenges Judge Merrill's decision on two grounds. First, Plaintiff contends that the ALJ failed to support her RFC determination with substantial evidence. Second, Plaintiff argues that the ALJ failed to comply with Judge Salas' prior order instructing her to fully consider Plaintiff's obesity in combination with her other conditions. The Court will address each contention in turn.

**A.    The RFC Determination**

Plaintiff challenges two aspects of the ALJ's RFC determination. She argues first that in concluding Plaintiff could perform "sedentary work," the ALJ failed to account for evidence indicating that Plaintiff could not sit for six hours per day.[2] Next, Plaintiff contends that the ALJ failed to explain her finding that Plaintiff would need to be "off task five percent of the day" and "absent once per month." Tr. 367. The Court agrees that remand is required to reassess both issues.

An RFC should account for the most that a plaintiff can do despite her limitations. 20 C.F.R. § 416.945(a). While an ALJ must consider all relevant evidence in making an RFC determination, she need not specifically discuss "every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004), so long as "the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors" in reaching her conclusions, Jones, 364 F.3d at 505. Plaintiff has the burden to demonstrate how any alleged error "could have affected the outcome of [her] disability claim." See Holloman v. Comm'r Soc. Sec., 639 F. App'x 810, 814 (3d Cir. 2016) (internal quotation marks and citation omitted).

---

[2] "A sedentary job should require no more than approximately 2 hours of standing or walking per eight-hour work day, and sitting should typically amount to six hours per eight-hour work day." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993) (citing SSR 83-10).

The record reflects the opinions of four medical professionals who expressly addressed Plaintiff's ability to sit. First, treating physician Dr. Dewan Khan ("Dr. Khan") opined that Plaintiff "cannot sit or stand for a long time." Tr. 305-06. The ALJ assigned "some weight" to Dr. Khan's two opinions and noted that they did not specifically address the extent of Plaintiff's exertional limitations. Tr. 371. Second, consultive examiner Dr. Ronald Bagner ("Dr. Bagner") issued a report indicating that during an eight-hour workday, Plaintiff could sit, stand, and walk for only four hours each. Tr. 680. The ALJ did not indicate the weight she assigned to this portion of Dr. Bagner's report.[3] Tr. 371. Finally, non-examining state consultants Dr. Deogracias Bustos ("Dr. Bustos") and Dr. Arvind Chopra ("Dr. Chopra") each opined based on their respective review of the record that Plaintiff "could sit for six hours in an eight-hour workday." Tr. 371. The ALJ gave these opinions "some weight" because they "reviewed the record as it existed in April and August of 2013" but failed to account for subsequent evidence showing additional limitations. Tr. 371-72.

An ALJ presented with conflicting evidence may choose which evidence to credit and weigh them accordingly but must "give some reason for discounting the evidence she rejects." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Here, while Judge Merrill articulated an adequate basis to accept the opinions of Drs. Bustos and Chapos over those of Dr. Khan, she failed to explain her apparent decision to discount Dr. Bagner's conclusion that Plaintiff can sit only four hours and stand only four hours each day. This omission is material because if accepted, Dr. Bagner's opinion suggests that Plaintiff could only perform work that accommodates a "sit-stand" option. While such a requirement would not "automatically dictate a finding of disability," it

---

[3] The ALJ assigned "little weight" to Dr. Bagner's conclusion that Plaintiff could "lift and carry up to 50 pounds," Tr. 371, but she did not indicate the weight assigned to any other aspect of the report.

7

would require the ALJ to consult with a VE on the availability of accommodating jobs in the national economy. See Martin v. Barnhart, 240 F. App'x 941, 946 (3d Cir. 2007) (citing SSR 83-12). Here, the VE was not asked about the availability of a sit-stand option and provided no testimony to that effect. See Tr. 417-22.

This error is exacerbated by the second deficiency identified by Plaintiff. The ALJ concluded that Plaintiff would be off task five percent of the day "due to need to alternate positions and/or need for unscheduled breaks," Tr. 367, but the ALJ cited no medical record reflecting that conclusion and did not indicate how the five percent figure was calculated.[4] Again, this omission precludes meaningful judicial review on a material fact. This fact is critical because the VE testified that if a person with Plaintiff's RFC would be off task fifteen percent of the day, then there would be no work she could perform in the national economy. Tr. 419-20. On the current record, the Court cannot determine how the ALJ arrived at five percent, as opposed to fifteen percent or some other figure.[5]

The Court will therefore vacate the ALJ's decision and remand for further proceedings.

**B.      Consideration of Plaintiff's Obesity**

Plaintiff also argues that the ALJ failed to comply with the District Court's prior order by not fully accounting for Plaintiff's obesity in her RFC evaluation. Here, the Court disagrees.

The ALJ's analysis properly considers Plaintiff's obesity in combination with her other ailments. The ALJ observed that no medical source noted that Plaintiff's impairments were "exacerbated by, or contributed to, the claimant's obesity," that her obesity caused "diabetes

---

[4] While the Court agrees with Defendant that an ALJ's RFC determination need not precisely conform to any particular medical opinion, the ALJ must at minimum "include a narrative discussion describing how the evidence supports each conclusion." Harris v. Comm'r of Soc. Sec., 2010 WL 2874352, at *6 (D.N.J. July 19, 2010) (citing SSR 96-8P).

[5] Similarly, the ALJ did not explain how she determined that Plaintiff's disability would cause her to miss only one day of work per month. The VE testified that that an individual who was absent two days per month could not obtain employment. Tr. 420.

8

mellitus or any cardiac conditions," or that "her obesity has increased the severity of her problems in her bilateral knees, back, neck or multiple joints." Tr. 366, 372. The ALJ fully discussed the relevant medical evidence—including several sources which note Plaintiff's obesity and incorporated it into their findings. After finding there was no evidence that claimant's obesity further limited her RFC, the ALJ appropriately declined to "make general assumptions about the severity or functional effects of obesity combined with another impairment." SSR 19-2P. On remand, the ALJ must again "meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009) (citing SSR 00-3p).

## IV. CONCLUSION

For the foregoing reasons, the determination of the Commissioner is **VACATED** and this matter is **REMANDED** for further proceedings. On remand, the ALJ should provide a more detailed explanation as to how each component of Plaintiff's RFC was determined. An appropriate order follows.

    */s Madeline Cox Arleo*
    **Hon. Madeline Cox Arleo**
Date: April 30, 2021    UNITED STATES DISTRICT JUDGE

9